**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.
Jay S. Hellman, Esq.
David J. Mahoney, Esq.
Wade C. Wilkinson, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------------------------x
In re:                                                                                Chapter 7
                                                                                           Case No. 09-70660 (DTE)
AGAPE WORLD, INC.,                                                    Substantively Consolidated
AGAPE MERCHANT ADVANCE LLC,
AGAPE COMMUNITY LLC, AGAPE
CONSTRUCTION MANAGEMENT LLC,
AGAPE WORLD BRIDGES LLC, AND
114 PARKWAY DRIVE SOUTH LLC,

                                        Debtors.
-------------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., as
Chapter 7 Trustee of Agape World, Inc., *et al.*

                                        Plaintiff,
                                                                                           Adv. Pro. No. 10-_____ (DTE)
        -against-

MARTIN HARTMANN III a/k/a
MARTY HARTMANN III a/ka
MARTY HARTMANN,

                                        Defendant.
-------------------------------------------------------------------x

## **COMPLAINT**

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee" or "Plaintiff") of the substantively consolidated bankruptcy estate of Agape World, Inc., *et al.*, by his attorneys, SilvermanAcampora LLP, complaining of defendant Martin Hartmann III a/k/a Marty Hartmann III a/k/a Marty Hartmann ("Defendant") alleges as follows:

### Nature of the Action

1. This adversary proceeding is commenced pursuant to 11 U.S.C. §§105, 502, 544, 547, 548, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 276 and 276-a, and New York common law to set aside and recover transfers made by the substantively consolidated debtors to Defendant.

### Jurisdiction and Venue

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§105(a), 502, 544, 547, 548, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 276 and 276-a, and New York common law.

4. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(E), 157(b)(2)(F), 157(b)(2)(H), and 157(b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

### Parties and Procedural History

6. At all relevant times, Agape World, Inc. was a domestic corporation with principal places of business located at 150 Motor Parkway, Suite 106, Hauppauge, New York; 64-13B Grand Avenue, Maspeth, New York; and 82-11 37th Avenue, Suite 602, Jackson Heights, New York.

7. On February 5, 2009 (the "Filing Date"), an involuntary chapter 7 petition was filed by four petitioning creditors (the "Petitioning Creditors") pursuant to 11 U.S.C. §303(b), against Agape World, Inc., in the United States Bankruptcy Court for the Eastern District of New York.

8. On February 9, 2009, the Petitioning Creditors filed a motion to appoint an interim chapter 7 trustee under 11 U.S.C. §303(g).

9. On February 12, 2009, this Court granted the Petitioning Creditors' motion and

entered an Order directing the United States Trustee's Office to immediately appoint an interim chapter 7 trustee in the Agape World, Inc. case.

10. On February 12, 2009, Kenneth P. Silverman, Esq., was appointed the interim trustee in the Agape World, Inc. case, and has since duly qualified as is now the permanent Trustee in the Agape World, Inc. substantively consolidated case.

11. On March 4, 2009, the Court issued an Order for relief in the Agape World, Inc. chapter 7 case.

12. On April 14, 2009, upon the Trustee's Motion, the Court issued an Order substantively consolidating Agape World, Inc., Agape Merchant Advance LLC, Agape Community LLC, Agape Construction Management, LLC, Agape World Bridges LLC, and 114 Parkway Drive South LLC (collectively the "Debtors" or "Agape").

13. At all times relevant, Defendant was and is an individual residing at 2905 Shore Road, Seaford, New York 11783.

**Background Facts Common To All Claims For Relief**

14. Upon information and belief, from at least 1999 Agape was purportedly operating as a bridge lender, whereby investors were advised that Agape provided short-term bridge loans to commercial borrowers in order to generate high rates of return.

15. Prior to the Filing Date, various "brokers" and "sub-brokers" of Agape, including Defendant, recruited third-parties to invest money with the Debtors.

16. Upon information and belief, the representations to investors were, in large measure, false.

17. Upon information and belief, rather than utilizing all of the third-party funds to invest in bridge loans, the majority of the investors' funds were, among other things, (i) utilized to pay prior investors their promised rate of interest or to provide a return of their investment, (ii) squandered in connection with undisclosed and unauthorized commodity futures trading, and/or (iii) transferred to Agape's alter-egos or to Defendant himself for his own personal enrichment

and to the detriment of Agape's legitimate creditors.

18.  Upon information and belief, between February 5, 2003 and the Filing Date, Defendant received transfers from Agape in an amount to be determined at trial, but in no event less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00) (the "Transfers").

19.  The Transfers were made for no consideration or less than reasonably equivalent value.

20.  Agape was either insolvent at the times the Transfers were made, or was rendered insolvent as a result of the Transfers.

21.  At the times the Transfers were made, there existed unsecured creditors of the Agape who remained unsecured creditors as of the Filing Date.

**First Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

22.  The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §273.

23.  By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendant which amount is, in no event, less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00), plus appropriate interest thereon.

**Second Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

24.  Upon information and belief, at the time of the Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

25. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §274.

26. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendant which amount is, in no event, less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00), plus appropriate interest thereon.

### Third Claim For Relief Against Defendant
**(incorporating all previous allegations)**

27. Upon information and belief, at the time of the Transfers, Agape had incurred, was intending to incur or believed that it would incur debts beyond its ability to pay them as they matured.

28. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §275.

29. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendant which amount is, in no event, less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00), plus appropriate interest thereon.

### Fourth Claim For Relief Against Defendant
**(incorporating all previous allegations)**

30. The Transfers were made with the actual intent to hinder, delay or defraud Agape's creditors.

31. The Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §276.

32.  Based upon the foregoing, the Trustee is entitled to judgment (a) avoiding the Transfers pursuant to New York State Debtor & Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendant which amount is, in no event, less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00), plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-a.

**Fifth Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

33.  Certain of the Transfers, in an amount to be determined at trial, but in no event less than Two Hundred Sixty-Four Thousand Five Hundred Ninety-One Dollars ($264,591.00) were made within two (2) years of the Filing Date (the "Two-Year Transfers").

34.  The Two-Year Transfers were made with actual intent to hinder, delay or defraud Agape's creditors under §548(a)(1)(A) of the Bankruptcy Code.

35.  The Two-Year Transfers constitute avoidable transfers pursuant to §548(a)(1)(A) of the Bankruptcy Code.

36.  Based upon the foregoing, the Trustee is entitled to a judgment (i) avoiding the Two-Year Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551 may recover from Defendant an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendant within two (2) years of the Filing Date, which amount is, in no event, less than Two Hundred Sixty-Four Thousand Five Hundred Ninety-One Dollars ($264,591.00), plus appropriate interest thereon.

**Sixth Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

37.  Agape received less than reasonably equivalent value in exchange for the Two-Year Transfers under §548(a)(1)(B) of the Bankruptcy Code.

38.  Upon information and belief, Agape (i) was insolvent on the date that the Two-

Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) was engaged in business or a transaction, was about to engage in business or a transaction, for which any property remaining with Agape was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

39. The Two-Year Transfers constitute avoidable transfers pursuant to §548(a)(1)(B) of the Bankruptcy Code.

40. Based upon the foregoing, the Trustee is entitled to a judgment (i) avoiding the Two-Year Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551 may recover from Defendant an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendant within two (2) years of the Filing Date which amount is, in no event, less than Two Hundred Sixty-Four Thousand Five Hundred Ninety-One Dollars ($264,591.00), plus appropriate interest thereon.

### Seventh Claim For Relief Against Defendant
**(incorporating all previous allegations)**

41. The Transfers were impermissible transfers of Agape's interest in property. As a result, Defendant was the ultimate beneficiary of the Transfers under circumstances in which Defendant would be unjustly enriched if he were to retain the Transfers since Agape did not receive reasonably equivalent value therefor.

42. As a result, Defendant has been unjustly enriched and may not in equity and good conscience retain the Transfers.

43. By reason of the foregoing, Defendant is liable to the Trustee under New York common law for unjust enrichment in an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendant which amount is, in no event, less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00), plus appropriate interest thereon.

**Eighth Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

44. Certain of the Transfers, in an amount to be determined at trial, but in no event less than One Hundred Eight Thousand Nine Hundred Seventy-Three Dollars And Ninety-One Cents ($108,973.91) were made within one (1) year of the Filing Date (the "Preferential Transfers").

45. Upon information and belief the following Preferential Transfers were made:

| Date Cleared | Check Number | Amount |
|---|---|---|
| 02/04/08 | 13618 | $100,000.00 |
| 01/21/09 | 4736 | $8,973.91 |
| **TOTAL** | | $108,973.91 |

46. The Preferential Transfers were made within one year of the Filing Date.

47. Upon information and belief, Defendant is an insider of Agape as defined in 11 U.S.C. §101(31).

48. The Preferential Transfers constituted a transfer of Agape's interest in property.

49. To the extent that the Preferential Transfers were made on account of an antecedent debt owed by Agape to Defendant, the Preferential Transfers were made to, or for the benefit of, Defendant, a creditor of the Debtor.

50. To the extent that the Preferential Transfers were made on account of an antecedent debt owed by Agape to Defendant, the alleged debts were incurred by Agape to Defendant before the Preferential Transfers were made.

51. The Preferential Transfers enabled Defendant to receive more than he would have received if: (a) Agape's case was filed under chapter 7 of the Bankruptcy Code; (b) the Preferential Transfers had not been made; and (c) Defendant received payment of his claim as provided under chapter 7 of the Bankruptcy Code.

52. To the extent that the Preferential Transfers were made on account of an antecedent debt owed by Agape to Defendant, the Preferential Transfers constituted an

avoidable transfer pursuant to Bankruptcy Code §547(b) and, in accordance with Bankruptcy Code §550(a), the Trustee may recover the amount of the Preferential Transfers from Defendant, plus appropriate interest thereon.

53. Based upon the foregoing, the Trustee is entitled to a judgment (i) avoiding the Preferential Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount equal to the Preferential Transfers which amount is, in no event, less than One Hundred Eight Thousand Nine Hundred Seventy-Three Dollars And Ninety-One Cents ($108,973.91), plus appropriate interest thereon.

### Ninth Claim For Relief Against Defendant
**(incorporating all previous allegations)**

54. Upon information and belief, Defendant has filed a proof of claim against Agape.

55. Defendant is the recipient of the Transfers that constitute avoidable transfers under Bankruptcy Code §§547(b) and 548(a)(1)(B).

56. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under Bankruptcy Code §550.

57. Based upon the foregoing, and in accordance with Bankruptcy Code §502(d), any claims filed by Defendant against Agape should be disallowed unless and until Defendant returns the Transfers to the Trustee.

**WHEREFORE**, plaintiff Kenneth P. Silverman, Esq., the chapter 7 Trustee demands judgment:

(a) against Defendant on the Trustee's first claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00) from Defendant plus appropriate interest thereon; and

(b) against Defendant on the Trustee's second claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00) from Defendant plus appropriate interest thereon; and

(c) against Defendant on the Trustee's third claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00) from Defendant plus appropriate interest thereon; and

(d) against Defendant on the Trustee's fourth claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00) from Defendant plus appropriate interest thereon and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-a; and

(e) against Defendant on the Trustee's fifth claim for relief (a) avoiding the Two-Year Transfers pursuant to 11 U.S.C. §548(a)(1)(A), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Two Hundred Sixty-Four Thousand Five Hundred Ninety-One Dollars ($264,591.00) from Defendant plus appropriate interest thereon; and

(f) against Defendant on the Trustee's sixth claim for relief (a) avoiding the Two-Year Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Two Hundred Sixty-Four Thousand Five Hundred Ninety-One Dollars ($264,591.00) from Defendant plus appropriate interest thereon; and

(g) against Defendant on Trustee's seventh claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than Three Hundred Nine Thousand Seven Hundred Thirty-Four Dollars ($309,734.00) from Defendant plus appropriate interest thereon; and

(h) against Defendant on the Trustee's eighth claim for relief (a) avoiding the Preferential Transfers pursuant to 11 U.S.C. §547(b), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering the Preferential Transfers in the sum of One Hundred Eight Thousand Nine Hundred Seventy-Three Dollars And Ninety-One Cents ($108,973.91) from Defendant plus appropriate interest thereon; and

(i) against the Defendant on the Trustee's ninth claim for relief pursuant to 11 U.S.C. §502(d) disallowing any claim of Defendant against Agape unless and until Defendant returns the Transfers to the Trustee; and

(j) For such other, further and different relief as the Court deems proper.

Dated: Jericho, New York
      June 9, 2010

**SILVERMANACAMPORA LLP**
Attorneys for Plaintiff Kenneth P. Silverman, Esq.
the Chapter 7 Trustee

By:   s/ David J. Mahoney
      Jay S. Hellman, Esq.
      David J. Mahoney, Esq.
      Members of the Firm
      100 Jericho Quadrangle, Suite 300
      Jericho, New York 11753
      (516) 479-6300